# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01673-COA

**ABG CONTRACTORS INC. AND JOHN K. HUNTER SR.**                                    APPELLANTS

**v.**

**I-55 DEVELOPMENT LLC AND DAVE THIND**                                    APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/2018 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS-BLACKMON |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WARREN LOUIS MARTIN JR. |
| | ROBERT EARL THOMPSON II |
| ATTORNEYS FOR APPELLEES: | TERRIS CATON HARRIS |
| | JAMIE DEON TRAVIS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 8/18/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     ABG Contractors Inc. (ABG Contractors) and John K. Hunter Sr. (collectively, the

Appellants) appeal from the judgment of the Holmes County Circuit Court expunging their

notice of construction lien on property owned by Dave Thind and I-55 Development LLC

(collectively, the Appellees).  On appeal, the Appellants assert that the circuit court (1)

violated Mississippi law by setting aside their notice of construction lien without making any

findings that the lien was false, fraudulent, or improper; (2) abused its discretion by granting

relief to the Appellees during the hearing because the Appellees failed to appear at the

hearing; and (3) abused its discretion by refusing to allow Hunter to present testimony and evidence about the construction lien's validity.

¶2. Upon review, we find that the circuit court erred by expunging the Appellants' notice of construction lien without first making any findings as to the lien's validity. We therefore reverse the circuit court's judgment and remand this case for a new hearing so that the parties may present their evidence regarding the validity of the construction lien and so that the circuit court may make findings of fact as to this issue.

**FACTS**

¶3. The Appellees owned real property in Holmes County, Mississippi. On August 18, 2017, the Appellees contracted with the Appellants to build a gas station and convenience store (collectively, the C-Store) on the Appellees' real property. The contract terms stated that ABG Contractors would act as the prime contractor and "provide the labor and materials to perform the services to complete the C-Store, located at I-55 at MS Hwy 17, Pickens, MS." The contract further provided that ABG Contractors would complete the project within 180 days of the project's August 21, 2017 start date. In addition, the contract stated that "[a]ny alteration or deviation from the described work above involving extra costs shall be executed only upon [a] signed Change Order agreement between the Owner and Contractor."

¶4. On October 24, 2018, the Appellants filed a notice of construction lien on the Appellees' property. The lien stated that ABG Contractors was entitled to the contract price of $900,000 "for satisfaction of a claim which became due on or around 180 days after August 21, 2017, for work performed or labor, materials, services provided (or whatever the

2

claim may be)."

¶5.    On November 1, 2018, the Appellees filed a petition seeking (1) expungement of the notice of construction lien from the land records, (2) assessment of penalties against ABG Contractors for filing a false lien, and (3) entry of a declaratory judgment. The Appellees claimed that ABG Contractors's lien was defective because the lien alleged that ABG Contractors was "owed the entire contract price and presupposes that [ABG Contractors] ha[d] not been paid under the terms of the contract." The Appellees further asserted that the lien was fraudulent because ABG Contractors had already received a total amount of $832,054 under the contract. The Appellees also stated that despite the contractual requirement that ABG Contractors provide all materials to perform the services, they (the Appellees) had paid invoices for materials on ABG Contractors's behalf, totaling $186,815. Thus, even though the agreed contract price was only $900,000, the Appellees argued that they had already paid $1,018,869 to ABG Contractors and to vendors on ABG Contractors's behalf. The Appellees asserted that their good-faith payments to ABG Contractors for the work ABG Contractors had completed and to the vendors for materials ABG Contractors had ordered, along with ABG Contractors's failure to complete the project, created an absolute defense and invalidated the lien.

¶6.    The Appellees attached a Mississippi Rule of Civil Procedure 81 summons to their petition that set the hearing for November 9, 2018. To avoid scheduling conflicts, however, the circuit court held a telephonic conference on the Appellees' petition on November 8, 2018. On behalf of the Appellants, both Hunter and his attorney attended the hearing.

3

Although the Appellees' attorneys attended the hearing, the Appellees themselves did not. The circuit court heard arguments by the parties' attorneys but declined to receive testimony from Hunter about the construction lien's validity. The circuit court also declined to accept video evidence that Hunter attempted to enter into evidence.

¶7. During the hearing, the parties agreed that the Appellees had paid ABG Contractors around $832,000 for work performed under the contract. Hunter claimed, however, that the Appellees had waived the contract requirement for all change orders to be in writing and that the Appellees had requested three major revisions to the building plans: (1) the addition of 1,000 square feet for a pharmacy, (2) the addition of 1,250 square feet for a liquor store, and (3) an increase in the overall elevation of the project by about twenty feet. To support his assertions regarding the first two revisions, Hunter provided two change orders that detailed each of the revisions. Neither change order, however, contained Thind's signature. Hunter also presented an invoice to support his contention regarding the third revision. Again, however, Hunter provided no signed change orders that reflected the revision.

¶8. After hearing the parties' arguments, the circuit judge issued a bench ruling in which she stated the following:

> Before this Court is a petition to expunge [a] lien that the plaintiff claims is a false and fraudulent lien. The Court having heard arguments in this matter and hav[ing] not heard testimony because the plaintiff is not here, what I'm going to do, I'm going to cancel the contractor's lien. . . . [A]t this point, I can't say whether it was a fraudulent lien or a false lien, but I don't have any evidence before me to say it is a valid lien. Therefore, I'm going to cancel the lien. And I'm going to reset this matter for hearing, and I think the only question is the change orders, in that the change orders [are] not in line with the actual contract. And the exhibit on the [$743,800] in dirt work. And I'm going to continue this matter to have . . . evidence presented to the Court on those

4

issues.

. . . .

And that's what I need, in order to make a decision on whether or not it was a false or fraudulent lien. Now, I'm canceling the lien until after I have that evidence before me[] to make a decision.

¶9. On November 14, 2018, the circuit court entered an order to expunge the Appellants' notice of construction lien on the Appellees' property. Because the Appellees had failed to attend the hearing, the circuit judge ordered that the matter reconvene on December 12, 2018, "for all parties to offer testimony on the use of the change orders and the dirt work performed by [ABG Contractors]." The circuit judge specified in her November 14, 2018 order that although she was expunging the notice of the construction lien, she made no findings as to whether the construction lien was false or improper. Aggrieved, the Appellants appeal from the expungement of their construction lien.

## DISCUSSION

¶10. The Appellants assert that the circuit court incorrectly applied Mississippi Code Annotated section 85-7-429 (Supp. 2014) in granting the expungement of their notice of construction lien. Under section 85-7-429, the Appellees sought to have the Appellants' notice of construction lien expunged and to have a penalty assessed against the Appellants for wrongfully filing the lien.

¶11. Section 85-7-429 states:

(1) Any person who shall falsely and knowingly file the claim of lien provided in this article without just cause shall be liable to every party injured thereby for a penalty equal to three (3) times the full amount for which the claim was filed, to be recovered in an action by any party so

5

injured at any time within one hundred eighty (180) days from the filing of the claim of lien.

(2) Any person whose rights may be adversely affected by wrongful filing of a claim of lien, as provided by this article may, in addition to the remedies set forth in subsection (1) of this section, apply, upon seven (7) days' notice, to the circuit, county[,] or chancery court, to expunge or vacate the claim of lien, in accordance with Rule 81(d)(2) of the Mississippi Rules of Civil Procedure.

¶12. As the Mississippi Supreme Court has explained:

[W]hen presented with a question regarding the application of a statute, [an appellate] [c]ourt strives to give the statute its effect as intended by the Legislature. In so doing, [the appellate] [c]ourt first looks to the statute's language. Accordingly, if the words of a statute are clear and unambiguous, we apply the plain meaning of the statute and refrain from using principles of statutory construction.

*Howell v. State*, 283 So. 3d 1100, 1104 (¶13) (Miss. 2019) (quoting *AmFed Nat. Ins. Co. v. NTC Transp. Inc.*, 196 So. 3d 947, 958 (¶39) (Miss. 2016)).

¶13. Here, we find the wording of section 85-7-429 to be clear and unambiguous, and we therefore apply the statute's plain meaning. *See id.* Despite the plain language of section 85-7-429, the circuit court expunged the Appellants' notice of construction lien without making any factual findings that the Appellants had "falsely and knowingly file[d] the claim of lien" or that the Appellees' rights had been "adversely affected by [a] wrongful filing of a claim of lien . . . ." Miss. Code Ann. § 85-7-429(1)-(2). Because the circuit court failed to make any findings as to the validity of the notice of the construction lien prior to expunging the lien, we must reverse the circuit court's judgment.

## CONCLUSION

¶14. Because the circuit court expunged the Appellants' notice of construction lien without

6

first making any findings of fact as to whether the lien was wrongfully filed, we reverse the circuit court's judgment. We further remand this case for a new hearing to allow the parties to present evidence regarding the lien's validity and to allow the circuit court to make findings of fact and conclusions of law based on the parties' evidence.

¶15. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**